IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SAM GORDON LUSK, SAMANTHA LUSK,**
**BILLYE LUSK AND BRENT HENDERSON,**

              **Plaintiffs,**

vs.                            Civil No. 08-182 MV/RLP

**EUGENE SANCHEZ, individually and**
**CHAMPION AUTO CARRIERS, INC.,**
A Colorado Corporation,

              **Defendants.**

## ORDER

This matter comes before the court on Defendants' Motion for Sanctions for Failure to Respond to Written Discovery, or in the alternative, To Compel, filed September 28, 2009. (Docket No. 112). For the reasons stated here, the court **GRANTS** in part the alternative relief sought by Defendants.

F.R.Civ.P. 37 (d) states in material part:

**Party's failure to . . .Serve Answers to Interrogatories, or Respond to a Request for Inspection**.

(1) **In General.**
(A) *Motion; grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
                            ***

(ii) a party, after being properly served with interrogatories under Rule 33. . .fails to serve its answers, objections, or written response.

                              ***

(3) ***Type of Sanctions.*** Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

The written discovery at issue was served on Plaintiffs on January 26, 2009. (Docket No. 78). Plaintiffs sought and obtained a stay of discovery in February 2009. The stay expired on June 18, 2009. (Docket Nos. 79-80). Plaintiff did not serve answers to the written discovery, or serve objections thereto, on that date, or by a reasonable date thereafter.

Pursuant to Rules 33(b)(2) and 34(b)(2), F.R.Civ.P., Plaintiffs' answers and/or objections to the interrogatories and responses to the request for production of documents were due within thirty days of service. Even accounting for the additional time afforded Plaintiffs due to the stay of discovery, they failed to file answers or objections in a timely manner. Failure to serve timely objections operates as a waver of the objection, unless for good cause, the court excuses the failure. F.R.C.P. 33(b)(4). I find no good cause for Plaintiffs' failure to make timely objections to written discovery.

Defense counsel contacted Plaintiffs' counsel on June 29, 2009, asking that responses to the written discovery be provided. On August 13, 2009, Plaintiffs filed certificates of service, stating that they had on that day mailed objections and responses to the written discovery to Defendants' counsel. (Docket Nos. 101, 102).

According to Defendants, Plaintiffs failed to submit any written response to Defendant Sanchez' First Set of Interrogatories and Requests for Production to Plaintiff Billye Lusk which inquired about Plaintiffs' loss of consortium claim. (Docket No. 112). Plaintiffs' concede this point, but contend this was an oversight. (Docket No. 117, p. 3). Plaintiff Billye Lusk belatedly responded to those interrogatories and request for Production on October 15, 2009. (Docket No. 118).

Plaintiffs' failure to timely respond to written discovery may have been an oversight, but I find that it was not substantially justified.

**IT IS THEREFORE ORDERED** as follows:

1. Defendants' Motion for Sanctions seeking, *to wit*, the dismissal of Plaintiffs' loss of consortium claim, the exclusion of evidence pertinent to that claim or striking of that portion of Plaintiffs' Complaint raising that claim is denied.

2. Plaintiffs' objections to Defendant Sanchez' First Set of Interrogatories and Requests for Production are deemed waived, and otherwise denied.

3. Plaintiffs' objections to Defendant Champion's Second Set of Interrogatories and Requests for Production are deemed waived and otherwise denied.

**IT IS FURTHER ORDERED** that Defendants' request for fees and costs associated with this motion is granted in the amount of Five Hundred Dollars ($500.00), payable to Defendants' counsel on no later than November 5, 2009.

**IT IS SO ORDERED**.

_____
RICHARD L. PUGLISI
UNITED STATES MAGISTRATE JUDGE