IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAM GORDON LUSK, SAMANTHA LUSK,
BILLYE LUSK and BRENT HENDERSON,

    Plaintiffs,

vs.                                                                           Civil No. 08cv182 MV/RLP

EUGENE SANCHEZ, individually, and
CHAMPION AUTO CARRIERS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THE MATTERS** before the court are Plaintiffs'[1] Motion to Extend Scheduled (sic) Order Deadlines for Ninety (90) Days (Docket No. 103) and Defendants' Motion and Amended Motion to Strike Plaintiffs' Reply filed in connection with that Motion (Docket Nos. 110 and 113).

Plaintiffs' current request for extension of court imposed deadlines is not the first in this action. A history of the progress, or rather, lack of progress, in prosecution of this action is instructive.

Plaintiffs initially filed suit on December 20, 2007, in the Second Judicial District Court for the District of New Mexico, seeking damages from Defendants allegedly resulting from a motor vehicle accident that occurred three years earlier, on December 29, 2004. (Docket No. 1, Ex. A). At that time Plaintiffs were represented by Esteban A. Aguilar, Jr., a New Mexico attorney, and Conrell Brown and Paris Mendoza, attorneys from Texas. Id.

The case was removed to the Federal District Court for the District of New Mexico on February 19, 2008. (Docket No. 2). A Scheduling Order was entered on May 16, 2008, setting the

---

[1]Plaintiff Samantha Lusk was dismissed from this action on October 8, 2008 (Docket No. 55). Dismissal of Plaintiff Brent Henderson's claims is pending. (Docket No. 104).

following deadlines:

        August 1, 2008        Plaintiffs' expert witness disclosure and reports

        September 1, 2008    Defendants' expert witness disclosure and reports

        October 30, 2008     Close of Discovery

        November 10, 2008   Discovery Motions

        December 18, 2008   Pretrial Motions

    Plaintiffs served their Rule 26 Initial Disclosures on May 29, 2008, approximately four weeks after they were due. (Docket Nos. 13 &17). The initial disclosures were submitted on behalf of Plaintiffs by Attorneys Aguilar and Mendoza, and identified several treating physicians, but no expert witnesses. (Docket No. 110, Ex. 1).

    On August 8, 2008, three days after the original due date for disclosing their experts witnesses had passed, Plaintiffs filed an unopposed motion to extend that deadline. (Docket No. 28). This motion was granted on August 12, 2008 and Plaintiffs were granted a three-week extension, to August 21, 2008, for identifying expert witnesses and providing expert witness reports. (Docket No. 33).

    On August 18, 2008, attorney Aguilar filed a motion to withdraw as counsel, citing irreconcilable conflicts between the two law firms representing Plaintiffs. (Docket No. 34). The court conducted a hearing on September 22, 2008, and advised Mr. Brown of the need to associate with local counsel. (Docket No. 48). The court entered a Stay through October 2, 2008, so that Plaintiffs would have time to decide which law firm would represent them. (Tr. 49). Plaintiffs elected to have Mr. Brown represent them. Mr. Aguilar's Motion to Withdraw was granted on October 6, 2008, and Attorney Dan Shapiro entered his appearance as local counsel for Plaintiffs on October 10, 2008. (Docket Nos. 54 & 58).

On October 24, 2008, the parties filed a Joint Motion to Clarify Plaintiffs' Deadline to Disclose Expert Witnesses. (Docket No. 59). Mr. Brown and an associate in his office, Ron Reynolds, signed the Motion on behalf of Plaintiffs. Id. On November 7, 2008, the court entered an Order extending the expert witness disclosure deadlines. Plaintiffs' deadline was extended to January 15, 2009, and Defendants' deadline was extended to February 16, 2009. (Docket No. 68).

On January 9, 2009, six days before Plaintiffs' deadline was to expire, Plaintiffs sought a three-week extension of their expert witness disclosure deadline due to a medical emergency in Mr. Brown's family. (Docket No. 72). The motion was granted on January 13, 2009, and Plaintiffs' expert witness disclosure deadline was extended to March 9, 2009. (Docket No. 73). On February 5, 2009, Plaintiffs filed a Motion for a 120-day Stay of Proceedings and requested the setting of new deadlines, citing Mr. Brown's unavailability for trial preparation due to his family medical emergency. (Docket No. 79). This Motion was granted on February 18, 2009. (Docket No. 80). As of the date the Stay was entered, Plaintiffs had nineteen days remaining to disclose expert witnesses. Accordingly, their new due date for disclosure expert witnesses was July 7, 2009. As of the date the Stay was entered, forty days remained to complete discovery. Accordingly, the new date for the termination of discovery was July 28, 2009.

During the stay, local counsel, Mr. Shapiro, moved to withdraw from the case. (Docket No. 86). New local counsel, Mr. Balderrama, entered his appearance on behalf of Plaintiffs on June 23, 2009, and Mr. Shapiro was permitted to withdraw. (Docket Nos. 94, 95).

On August 19, 2009, Plaintiffs filed the instant Motion to extend scheduling order deadlines for 90 days. (Docket No. 103). Plaintiffs admit that their Motion to extend deadlines was filed after

3

all deadlines had expired.[2]

"The District Court has wide discretion in its regulation of pretrial matters." *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir.1990). Under F.R.Civ.P. 16(b), Plaintiffs are required to show good cause for requested extensions to deadlines set by Scheduling Order. See Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). This good cause inquiry "focuses on the diligence of the party seeking leave to modify the scheduling order . . ." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schools*, No. CIV 02-1146 JB/LFT, CIV 03-1185 JB/LFG, 2007 WL 2296955 at *3 (D.N.M. June 5, 2007)(Browning, J.) (Discussing extension of Scheduling Order deadlines to permit amendments to pleadings.)

Plaintiffs have not established good cause for any further extension of deadlines in this case. The court has been more than generous in extending deadlines. Plaintiffs' original deadline for disclosing expert witnesses was extended almost one year, from August 1, 2008 to July 7, 2009. During that time, several attorneys from the Brown firm, other than Mr. Brown, were actively involved in this case. Texas counsel could have sought expert witnesses during that time, and could have been prepared to disclose those witnesses prior to the deadline. Further, even if Mr. Shapiro was retained as local counsel only, he could have forwarded expert designations and reports had they been provided by Texas counsel.[3]

---

[2] Quoting from Plaintiffs' Motion: "(The Stay of Proceedings extended) Plaintiffs' expert disclosure deadline to June 5, 2009 and (extended) the general discovery deadline to July 28, 2009." (Docket No. 103).

[3] Plaintiffs contend that their Texas counsel could do nothing after Mr. Shapiro indicated his intent to withdraw. They state, without supporting affidavit, that "Mr. Shapiro made it expressly clear that he would not be filing and/or representing Plaintiff's (sic) in any regard." (Docket No. 106, p. 2). However, Mr. Shapiro had no option but to represent Plaintiffs until this court permitted him to withdraw.

> "An attorney who as appeared as the attorney of record in a case cannot effectively terminate the relationship by withdrawal until he or she has made application to the court and obtained leave to make a formal withdrawal or record."see 7A CJS *Attorney & Client* § 270;

Plaintiffs assert that Texas counsel "worked feverishly" to locate local counsel to assist in preparing this case for trial. (Docket No. 106, p. 2). Whether or not this is true, does not inform as to any efforts counsel made in supplying expert witness designations and reports to Defendants within the extended deadlines set by the court. Plaintiffs' current local counsel entered his appearance more than two weeks prior to the deadline for expert witness disclosure and a month before the termination of discovery. He could have made required disclosures and attempted to complete discovery in a timely manner had Plaintiffs been prepared to do so.

The court therefore **FINDS** that Plaintiffs have not established good cause for further extension the Scheduling Order Deadlines in this case.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Extend Scheduled (sic) Order Deadlines for Ninety (90) Days (Docket No. 103) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion and Amended Motion to Strike Plaintiffs' Reply filed in connection with that Motion (Docket Nos. 110 and 113) are **DENIED**.

                                    RICHARD L. PUGLISI
                                    United States Magistrate Judge

---

"the attorney-client relationship ends when the court grants the attorney's motion to withdraw, and not on the date upon which the attorney decides to cease representing the client," see id., § 271, *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 43 (1967); *State ex rel. Children, Youth & Families Dep't v. David F. Sr.*, 121 N.M. 341, 345, 911 P.2d 235, 239 (Ct.App.1995); *State v. Hernandez*, 104 N.M. 268, 270, 720 P.2d 303, 305 (Ct.App.1986).

*U.S. v. Daprano*, 505 F.Supp.2d 1009, 1019-1020 (D. N.M. 2007).