IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAM GORDON LUSK, SAMANTHA LUSK,
BILLYE LUSK, AND BRENT HENDERSON,

    Plaintiffs,

v.                                                                                                               Civ. No. 08-182 MV/RLP

EUGENE SANCHEZ, Individually and
CHAMPION AUTO CARRIERS, INC.,
a Colorado Corporation,

    Defendants.

MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Strike Plaintiffs' Proposed Expert Witnesses. For the reasons set forth below, the Motion is granted.

On December 29, 2004 Plaintiffs were involved in a rear-end motor vehicle accident on Interstate 40 and sued Defendants for negligence. During the initial disclosure stage of the proceeding, Plaintiff identified six physicians as either treating or testifying expert witnesses: Drs. Wascher, Stroller, Bernstein, Ghadially, Flanagn and Robertson.

The procedural history of this case is outlined fully in the Court's Memorandum Opinion and Order of November 9, 2009 [Doc. 129]. To summarize briefly, Plaintiffs sought multiple extensions of time to submit their experts' reports in accordance with Fed.R.Civ.P. 26, all of which were granted (including staying the case twice to accommodate Plaintiffs' counsel), save the last. Accordingly, the deadline to submit the experts' reports was July 7, 2009. *See* Doc. 129. Defendants state that, as of the date of their Motion to Strike, November 5, 2009, Plaintiff still had not submitted any expert reports.

In response, Plaintiffs argue that Drs. Bernstein, Ghadially, Flanagan, and Robertson should be allowed to testify as treating physicians about their treatment of Plaintiffs. The Court agrees with this assessment. These physicians have all been identified as fact witnesses. No argument is made by Plaintiffs as to Dr. Stroller and the Court assumes that he will not be testifying as a fact witness and that Plaintiffs will not be calling him as an expert witness.

As for Dr. Wascher, Plaintiffs contend that he was properly identified as an expert witness pursuant to Fed.R.Civ.P. 26 and that Rule 26(e)(2) allows supplementation of an expert report prior to trial. Plaintiffs argue that because there is no trial date as yet, they have (presumably) an unlimited time to supplement the report.

The report, which was (presumably) produced on January 26, 2009, lacks information as Plaintiffs concede. Namely, the report does not (i) contain any exhibits used to summarize or support Dr. Wascher's opinions; (ii) identify publications or cases in which Dr. Wascher has testified; or (iii) a statement of compensation for this case. Rule 26(a)(2)(B)(i)-(vi) specifically requires this information.

In 1993 Rule 26(a)(2) was amended to require disclosures of expert's reports, which "must contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them." Fed.R.Civ.P. 26(a)(2)(B)(i). The deadline for submission of the expert report may be set by court order. Fed.R.Civ.P. 26(a)(2)(C). Parties are required to supplement these reports if the information is incomplete or incorrect, or otherwise not known to the opposing party. Fed.R.Civ.P. 26(a)(2)(D) & 26(e). The failure to disclose or supplement may result in foregoing the withheld information "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

In *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir.), *cert. denied*, 537 U.S. 1066 (2002), the court stated the four factors a district court should consider in light of a Rule 26 violation:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or wilfulness.

*Id.* at 953 (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

It is difficult to assess the prejudice and surprise to Defendants. While it is true that there is currently no trial setting, the Court is bothered by Plaintiffs contention that they may "supplement" the report at any time prior to 30 days before trial. As the Rules and Committee Advisory Notes clearly state, "supplementation" is not synonymous with "completion." Discovery ended in July, 2009. Given the substantial delays in this case (which are outlined in the Court's Memorandum Opinion and Order of November 9, 2009, *see* Doc. 129), the Court is further concerned that Plaintiffs' lack of diligence in pursuing their action has prejudiced Defendants.

Dr. Wascher's opinion is contained in two letters dated December 12, 2008 and December 19, 2008. *See* Doc. 127-4. For some of his opinions, he relies on the medical records of Dr. Howard Bernstein (who is listed as a fact witness in this case). It is unknown whether Dr. Wascher relied on Dr. Bernstein's reports for Mr. and Mrs. Lusk, dated September, 2005. *See* Doc. 127-6 & 127-8. During Dr. Bernstein's deposition he stated that neither report was authorized or prepared by him and he called the reports "fraudulent." *See* Doc. 127-5 at 13-14.

The Court concludes that the lack of diligence shown by Plaintiffs has extended the litigation in this matter to an unnecessary degree. The Court also concludes that Plaintiffs have had ample time to marshal their resources and submit their expert's report with all the necessary documentation required by the Federal Rules of Civil Procedure. To require Defendants at this late date to pour over the back-up documentation that supports Dr. Wascher's opinions is prejudicial. The Court cannot say that Plaintiffs have acted in bad faith, but they certainly have acted willfully by ignoring deadlines and producing manufactured or incomplete reports. The Court again states that "supplementation" means adding new information as it becomes available or correcting previous errors. It does not mean holding back until just before trial to produce something that was due months ago. Accordingly, the Court finds that Dr. Wascher shall not be permitted to testify at trial or at a hearing as an expert witness.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike [Doc. 127] is granted as follows: Drs. Bernstein, Ghadially, Flanagan, and Robertson may testify at trial solely as treating physicians for Plaintiffs; Dr. Wascher shall not be permitted to testify at trial or at a hearing as an expert witness.

IT IS SO ORDERED.

_____
Richard L. Puglisi
Chief United States Magistrate Judge