IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAM GORDON LUSK, et al.,

        Plaintiffs,

v.                                                            No. 6:08-cv-182 MV/KBM

EUGENE SANCHEZ, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Reconsideration and Request for Expedited Hearing (Doc. 232), which seeks reconsideration of the Court's Memorandum Opinion and Order granting Defendants' Motion *in Limine* to Exclude the Deposition Testimony of Dr. Jensen. The Court, having reviewed the motion, the memoranda and exhibits submitted by the parties, relevant authorities, the record in this case, and being otherwise fully informed, will **GRANT** the Motion for Reconsideration.

## BACKGROUND

This case arises out of a December 29, 2004 automobile accident. One of the plaintiffs, Billye Lusk, alleges injuries to both her knees as a result of the accident and seeks to recover damages relating to those injuries. Trial was originally scheduled for January 18, 2011. (Doc. 139).

On November 2, 2010, Ms. Lusk began consulting with Dr. Jensen regarding her knee injuries and on December 1, 2010 and December 16, 2010, Dr. Jensen performed knee surgeries on Ms. Lusk, which Plaintiffs contend were necessitated as a result of the 2004 automobile accident. (Doc. 157 at ¶¶ 8-9 & 11; Doc. 220, Ex. G). Plaintiffs' counsel has represented that

they first became aware of the surgeries performed by Dr. Jensen on December 16, 2010. (Doc. 172 at p. 4). Despite this, Dr. Jensen was not identified in the witness list Plaintiffs filed on December 17, 2010. (Doc. 154). Instead, Dr. Jensen was first identified as a potential witness on December 22, 2010, when Plaintiffs filed a motion seeking to vacate the January trial setting. (Doc. 157). The Court granted the motion to vacate the January trial date in order to allow Ms. Lusk to recover from her knee surgeries, but did not vacate the January 4, 2011 pretrial conference. (Doc. 174).

At the January 4, 2011 pretrial conference, the Court questioned whether Plaintiffs intended to submit deposition designations, as the deadline to do so had passed. (Doc. 139). Counsel for Plaintiffs represented to the Court that Plaintiffs did not intend to submit any depositions designations. (Doc. 176). At that same pretrial conference, Dr. Jensen was also discussed and the Court ordered the parties to further brief the admissibility and scope of allowable testimony from Dr. Jensen. (*Id.*).

On March 15, 2010, the Court held a second pretrial conference. At the March pretrial conference, after hearing additional argument on the matter, the Court ruled that it would permit Dr. Jensen to testify as a treating physician, but not as an expert witnesses, and ruled that it would permit the deposition of Dr. Jensen. (Doc. 200). Additionally, during the March pretrial conference, counsel for Plaintiffs stated that they would "submit to the previous statement" made by Mr. Balderrama during the January pretrial conference that no deposition designations would be submitted by Plaintiffs. (Doc. 222 at 16:9-13).

On March 23, 2011, Plaintiffs served a notice that they would be deposing Dr. Jensen, which indicated that Plaintiffs intended to use the deposition at trial for any and all purposes permitted by the Rule of Civil Procedure. (Doc. 205, Ex. A). On March 25, 2011, the parties

filed an Amended Consolidated Witness List, which properly identifies Dr. Jensen as a witness, but does not indicate an intent to present his testimony *via* deposition. (Doc. 204). On March 29, 2011, Defendants filed a Motion *in Limine* to Exclude the Deposition Testimony of Dr. Jensen. On March 31, 2011, Dr. Jensen was deposed.

On April 8, 2011, following Dr. Jensen's deposition, Defendants filed a Motion to Dismiss for Discovery Abuse, seeking to dismiss Ms. Lusk's claim for failure to produce records relating to medical services that were rendered to Ms. Lusk in 2002 by the Athletic Orthopedic & Knee Center, where Dr. Jensen is employed. (Doc. 220). On May 9, 2011, the Court denied Defendants request that Ms. Lusk's claims be dismissed, but ordered that Defendants be permitted to depose Dr. Jensen regarding the 2002 services provided to Ms. Lusk by the Athletic Orthopedic & Knee Center and that Plaintiffs be sanctioned for the reasonable costs, including fees, that Defendants incurred in preparation of the Motion to Dismiss for Discovery Abuse and in connection with the March 31, 2011 and any subsequent deposition of Dr. Jensen. (Doc. 230).

Also on May 9, 2011, the Court granted Defendants' Motion *in Limine* to Exclude the Deposition Testimony of Dr. Jensen. (Doc. 229). In granting the Motion *in Limine*, the Court noted *inter alia* that Plaintiffs had failed to alert the Court of their desire to designate deposition testimony from Dr. Jensen; that Plaintiffs had explicitly represented at the January 2011 pretrial conference that they did not intend to submit deposition designations in this case and affirmed that they would abide by the representation during the March 2011 pretrial conference; that Plaintiffs had been less than diligent in their disclosure of materials relating to Dr. Jensen and had produced additional medical records relating to care Ms. Lusk received from Dr. Jensen in 2002 after Dr. Jensen's deposition took place; and that Plaintiffs had missed the deadline for designating deposition testimony or notifying the Court of their intent to do so. At no time prior

3

to the Court's May 9, 2011 ruling did Plaintiffs submit deposition designations for Dr. Jensen.

## ANALYSIS

This Court is not persuaded by certain arguments raised in Plaintiffs' Motion for Reconsideration. First, Plaintiffs attempt to excuse their repeated failure to designate deposition testimony from Dr. Jensen as "deference" to this Court lacks merit. The moment Plaintiffs became aware that they intended to use deposition testimony from Dr. Jensen at trial, they should have notified the Court. They should have so informed the Court at the pretrial conference or in mid-March when they were coordinating Dr. Jensen's deposition with Defendants. Likewise, while Plaintiffs had missed the deadline for designating deposition testimony set forth in this Court's May 25, 2010 Trial Notice (Doc. 139), there is no excuse, when trial was subsequently moved, for Plaintiffs' failure to designate deposition testimony as soon as possible and at least 21-days prior to the current trial date. (Docs. 194 & 225). If anything, Defendants Motion *in Limine* should have hastened Plaintiffs' designation of deposition testimony from Dr. Jensen.

Second, this Court is similarly troubled by Plaintiffs attempt to fault Defendants for the timing of the Motion *in Limine*. As this Court previously noted, there is a difference between an intent to depose an individual and an intent to use the deposition testimony at trial in *lieu* of live testimony. While Defendants may have had some notice of Plaintiffs' intent to depose Dr. Jensen, Plaintiffs' intent to use Dr. Jensen's deposition testimony at trial does not appear to have been clearly articulated until his deposition notice was served on March 23, 2011. (Doc. 232, Ex. D). Defendants filed their Motion *in Limine* less than one week later. Given Plaintiffs repeated disregard of Court deadlines, it is disingenuous for Plaintiffs to argue that the Court should deny the relief requested because of an approximate one-week delay.

Nonetheless, while the Court is troubled by the actions of Plaintiffs' counsel, it will allow Dr. Jensen's deposition testimony to be used at trial should he be unable to attend trial in person. In so ruling, the Court recognizes that as Dr. Jensen resides in Houston, Texas, Plaintiffs cannot procure Dr. Jensen's attendance at trial by subpoena. Fed. R. Civ. P. 45(c)(3)(A)(ii). This Court further recognizes that Dr. Jensen's deposition testimony would normally be admissible pursuant to Federal Rule of Civil Procedure 32(a)(4)(B), which allow use of deposition testimony where a witness is more than 100 miles from the place of trial, and Federal Rule of Civil Procedure 32(a)(4)(D), which allow use of deposition testimony where the party offering the deposition cannot procure the witness's attendance by subpoena. The difficulty is not in the applicability of Rules 32(a)(4)(B) and 32(a)(4)(D), but in the conduct of Plaintiffs' counsel in failing to timely disclose Dr. Jensen, to timely produce all documents and records pertaining to his care, and to timely notify the Court of their intent to use his deposition testimony in *lieu* of live testimony. Ultimately, however, given the potential importance of Dr. Jensen's testimony to damage issues, the fact that he resides outside of the State of New Mexico and thus his attendance cannot be procured by subpoena, and the fact that prior to his deposition, Defendants were on notice that Plaintiffs intended to use his deposition testimony at trial, the Court will allow his deposition testimony to be used in *lieu* of live testimony should Plaintiffs be unable to procure his voluntary attendance at trial.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Reconsideration and Request for Expedited Hearing (Doc. 232) is **GRANTED** and that this Court's May 9, 2011 Memorandum Opinion and Order excluding the deposition testimony of Dr. Jensen (Doc. 229) is **VACATED**. The parties may submit deposition designations from Dr. Jensen for use at trial

should they be unable to procure Dr. Jensen's voluntary attendance at trial. The parties, however, will be limited to the written transcript of Dr. Jensen's deposition. The parties shall have until Wednesday, May 18, 2011 at 12:00 noon to submit their deposition designations to opposing counsel and the Court. Objections to any deposition designations shall be filed no later than Friday, May 20, 2011 at 12:00 noon.

**IT IS FURTHER ORDERED** that Defendants are permitted to depose Dr. Jensen as set forth in the Court's May 9, 2011 Memorandum Opinion and Order (Doc. 230). Should Defendants wish to depose Dr. Jensen prior to trial regarding the 2002 medical care Ms. Lusk received, Plaintiffs' counsel shall make themselves available at anytime that Dr. Jensen and defense counsel are available. Additionally, the 2002 records from Dr. Jensen's office will be deemed authenticated for use at trial, should such use be necessary.

**IT IS FURTHER ORDERED** that this case remains on the Court's current docket and trial is scheduled to begin at 9:00 a.m. on Monday, May 23, 2011.

Dated this 17th day of May 2011.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs:
    Conrell Brown, Esq.
    Janeri Rivero, Esq.
    Frank V. Balderrama, Esq.

Attorney for Defendants:
    Nicole M. Charlebois, Esq.
    Christopher R. Reed, Esq.