IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAM GORDON LUSK, et al.,

        Plaintiffs,

v.                                                                                                  No. 6:08-cv-182 MV/KBM

EUGENE SANCHEZ, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Clarification of the Court's Order Granting Defendants' Motion *In Limine* to Limit Lay Medical Testimony to the Physician's Own Treatment and Request to Vacate the Trial Setting (Doc. 243). Plaintiffs' Motion, which Plaintiffs filed just one business day prior to the commencement of trial, seeks clarification regarding a ruling the Court made more than two months ago, during the March 2011 pretrial conference, and an Order entered on April 7, 2011 in accordance with the Court's ruling. (Docs. 200 & 213). Specifically, the Court granted Defendants' Motion *in Limine* to Limit Law Medical Testimony to the Physician's Own Treatment (Doc. 147) and ordered that "treating physicians may testify about their own observations and information they received from their patients but may not testify about information they received from any other treating physician" and that "treating physicians may not testify as to causation or the cost of future medical care." (Doc. 213). Plaintiffs' Motion does not challenge the Court's ruling that "treating physicians may testify about their own observations and information they received from their patients but may not testify about information they received from any other treating physician," but instead acknowledges that this holding is consistent with Tenth Circuit case law.

Plaintiffs, however, seek clarification regarding the second portion of the Court's Order, namely that "treating physicians may not testify as to causation or the cost of future medical care."

Specifically, citing *Farris v. Intel Corp.*, Plaintiffs argue that if a treating physician forms an opinion as to the causation of an injury or the prognosis of a patient's condition during the course of treating the patient, such opinion is permissible without the necessity of an expert report. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (treating physician permitted to give testimony as to causation, diagnosis, prognosis, and the extent of plaintiff's injury to the extent such opinions were formed based on the physician's personal knowledge and observations obtained during his course of care and treatment but may not offer testimony regarding any opinion formed based on information learned outside of plaintiff's treatment); *see also Kraus v. Nat'l R.R. Passenger Corp.*, No. Civ. 06-1157 RB/DJS, 2008 WL 5622535, at *5 (D.N.M. June 26, 2008) (citing cases finding treating physicians are permitted to testify regarding causation to the extent such opinions were formed as a necessary part of a patient's treatment). Other cases, however, exclude treating physicians from testifying regarding causation. *See, e.g., Witherspoon v. Navajo Refining Co., L.P.*, No. CIV 03-1160 BB/LAM, 2005 WL 5988650 (D.N.M. Jun, 28, 2005) (holding that as plaintiffs did not disclose treating physician as an expert, the physician was limited to testifying as a lay witness pursuant to Fed. R. Evid. 701 and explaining: "This means that Dr. Elliott may testify about her observations and treatment developed while actually treating Plaintiffs but may not provide testimony beyond what she perceived or did. As such, any causation opinions drawn by Dr. Elliott, whether in the form of testimony or her report are excluded."); *see also Wright v. Encore Orthopedics, Inc.*, No. CIV-08-1378-C, 2010 WL 3420663, at *1 (W.D. Okla. Aug. 25, 2010) (recognizing that a treating physician may not provide testimony beyond the scope of his or her treatment and

finding that opinions as to causation and/or the propriety of other physicians' actions relating to the plaintiff's injuries or treatment is beyond the scope of permissible treating physician testimony); *Blodgett v. U.S.*, No. 2:06-CV-00565DAK, 2008 WL 1944011, at *5-6 (D. Utah May 1, 2008) (rejecting plaintiff's assertion that treating physician could testify as a lay witness regarding causation and explaining that under Federal Rule of Evidence 701, a lay witness may not proffer opinion testimony "based on scientific, technical, or other specialized knowledge").

As the question of whether specific opinion testimony is permissible is closely tied to the a physician's care and treatment, the Court will reserve ruling on individual opinions that may be offered by treating physicians. Instead, to the extent that Plaintiffs wish to introduce testimony from a treating physician as to the causation of Plaintiffs' injuries and contend that such testimony is based on the physician's personal knowledge and observations obtained during the course of his or her care and treatment (as opposed to information received from any other treating physician or outside the course of treatment), Plaintiffs shall make an appropriate proffer at trial and Defendants can renew any objections at that time. The Court believes that this method is more efficient than attempting to rule on potential opinions in the abstract.

Plaintiffs' request that the trial date be vacated, however, will be denied. Despite Plaintiffs' late disclosure of Dr. Jensen, during the March 2011 pretrial conference, the Court ruled that Dr. Jensen would be allowed to testify as a treating physician and further ruled that the parties would be allowed to depose Dr. Jensen. At the same pretrial conference, the Court also ruled on Defendants' Motion *in Limine* to Limit Lay Medical Testimony to the Physician's Own Treatment. Rather than seeking clarification regarding the Court's ruling at that point, Plaintiffs proceeded to depose Dr. Jensen in late March 2011. Apparently unsatisfied with that deposition, Plaintiffs filed the instant Motion on the eve of trial (more than two months after the March 2011

pretrial conference and more than one month after Dr. Jensen's deposition), requesting that the trial date be vacated so that they can re-depose Dr. Jensen to address issues of causation. The Court will not vacate the May 23, 2011 trial date. First, Plaintiffs offer no legitimate reason that they could not have asked their questions during the initial deposition; neither the Court's ruling on the Motion *in Limine* nor the fact that opposing counsel may have objected to certain lines of questioning would have precluded Plaintiffs from asking questions during the deposition. Second, Plaintiffs offer no justification for their delay in bringing this motion. Finally, the Court finds that vacating the trial date would unduly and unnecessarily prejudice Defendants. Likewise, the Court will deny Plaintiffs' request for an interlocutory appeal.

**IT IS SO ORDERED.**

Dated this 20th day of May 2011.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

Attorneys for Plaintiffs:
    Conrell Brown, Esq.
    Janeri Rivero, Esq.
    Frank V. Balderrama, Esq.

Attorney for Defendants:
    Nicole M. Charlebois, Esq.
    Christopher R. Reed, Esq.