## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**SAM GORDON LUSK, SAMANTHA LUSK,**
**BILLYE LUSK and BRENT HENDERSON,**

      **Plaintiffs,**

**v.**                                                                                    **CIV 08-0182 MV/KBM**

**EUGENE SANCHEZ, Individually and**
**CHAMPION AUTO CARRIERS, INC.,**
**a Colorado Corporation**.

## REPORT AND RECOMMENDATION

On February 13, 2012, the Honorable Martha Vazquez, United States District Judge, referred Plaintiff's Motion for New Trial (*Doc. 276*) to me pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3) to conduct a hearing, perform legal analysis, and recommend ultimate disposition of the motion. *See Doc. 288.* I heard oral arguments of counsel at a hearing on February 27, 2012. Having reviewed the record and given due consideration to the parties' oral and written arguments, I recommend to the presiding judge that Plaintiff's Motion for New Trial (*Doc. 276*) be denied.

### FINDINGS OF FACT

1.    This litigation arises out of a car accident in which the car driven by Plaintiff Sam Lusk was struck from behind by a semi-truck driven by Defendant Eugene Sanchez.

2.    Plaintiffs' Complaint alleges that Mr. Sanchez was negligent in that he failed to keep a proper lookout, failed to maintain a proper speed, and failed to control his vehicle.

3.    At the time of the accident, Mr. Sanchez was acting in the course and scope of his employment with Defendant Champion Auto Carriers, Inc.

4.     At the time of the accident, it was dusk, raining, and the road was wet.  *See Doc. 273* at 52:1-7.

5.     The accident occurred near the intersection of Interstate 40 and Coors, a place where traffic gets congested, and accidents are common.  *See Doc. 273* at 52:4-12.

6.     Officer Jason Harvey of the Albuquerque Police Department (APD) arrived at the accident scene.

7.     Officer Harvey testified that he thought he could have cited Mr. Sanchez for careless driving, failure to maintain a proper lookout, and for speeding in light of the weather conditions.  *See Doc. 273* at 42:12-43:11.

8.     Officer Harvey did not issue a citation to Mr. Sanchez.  *See Doc. 273* at 54:13-15.

9.     Either APD or the Department of Transportation (DOT) had the power and domain to issue citations relative to the accident in this case.  *See Doc. 273* at 57:14-58:1.

10.     Officer Harvey had only investigated about four semi-truck accidents in his 11-year career.  *See Doc. 273* at 58:22-23.

11.     Officer Harvey turned the case over to the DOT to make determinations about citations.  *See Doc. 273* at 58:2-10.

12.     Although the parties indicate that the DOT Officer at the scene was known to them before trial, Plaintiffs did not call the DOT Officer or any witness from the DOT to testify at trial.  *See Doc. 204.*

13.     Mr. Sanchez did not receive a citation related to the accident.  *See Doc 273* at 16:24-17:1.

14.     Anthony Cromwell, corporate representative of Defendant Champion Auto Carriers, Inc., who was not present at the accident scene and had no independent knowledge of

the circumstances of the accident, determined the accident to be "preventable."  *See Doc. 272* at

8:22-24 & 13:23-14:13.

15.    After the accident, Mr. Sanchez' employer, Defendant Champion Auto Carriers,

Inc. issued him a warning notice for a preventable accident.  *See Doc. 273* at 12:22-13:25.

16.    Based on the totality of the circumstances, including Mr. Sanchez' history with the

company and the accident at issue in this case, Defendant Champion Auto Carriers, Inc.

terminated Mr. Sanchez' employment.  *See Doc. 273* at 14:1-5.

17.    At trial, Defendants did not stipulate to negligence.  *See Doc. 282* at 44.

18.    In argument at trial, counsel for Defendants stated as follows:

> Mr. Sanchez and Champion Auto Carriers don't dispute the
> accident happened, and they don't dispute that Mr. Sanchez hit the
> back of the Lusks' vehicle.  We told you that on Day One.  And we
> told you this case is about money, and that's what is in dispute.
> That's the issue.  And that's the testimony and the evidence that
> we're going to talk about.

*Doc. 277-1* at 1:12-19.

19.    Plaintiffs presented three witnesses who testified about the circumstances of the

accident—Anthony Cromwell, Officer Jason Harvey, and Plaintiff Sam Lusk.

20.    Plaintiffs agreed to Jury Instruction No. 11, which instructed the jury that it could

decide which testimony to believe and which testimony not to believe and that a juror could

believe everything a witness says, part of it, or none of it.  *See Doc. 282* at 14.

21.    Plaintiffs agreed to Jury Instruction No. 25, which instructs that an accident alone

is not evidence of negligence.  *See Doc. 282* at 28.

22.    Plaintiffs agreed to Jury Instruction No. 29, which instructed the jury that a driver

has the right to assume that other drivers will obey the law unless the driver sees, or by the

exercise of ordinary care should have seen, that the driver of the other vehicle will not obey the law or is unable to avoid a collision. *See Doc. 282* at 32.

23.    Plaintiffs agreed to a verdict form which allowed the jury to determine whether Mr. Sanchez was negligent. *See Doc. 282* at 44.

24.    Plaintiffs set and vacated Mr. Sanchez' deposition.

25.    Defendants never listed Mr. Sanchez as a "will call" witness.

26.    Defendants informed Plaintiffs in a timely manner that they could not assure that Mr. Sanchez would be physically present at the trial or that he would be called to testify.

27.    Mr. Sanchez did not attend the trial, and Plaintiffs did not subpoena him.

<u>CONCLUSIONS OF LAW</u>

1.    On this motion for new trial, the inquiry is whether Defendants have demonstrated that the verdict is "clearly, decidedly, or overwhelmingly against the weight of the evidence" admitted at trial. *See Snyder v. City of Moab*, 354 F.3d 1179, 1187 (10th Cir. 2003) (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999)).

2.    Where, as here, the subject matter of the litigation is simple and easily comprehended by intelligent laymen, the trial court should exercise particular care before substituting its judgment for that of the jury. *See Lind v. Schenley Indus., Inc.*, 278 F.2d 79, 90 (3rd Cir. 1960). *See also Tidewater Oil Co. v. Waller*, 302 F.2d 638, 643 (10th Cir. 1962) (citing *Schenley*).

3.    It was Plaintiffs' burden to prove that Defendant Sanchez, more likely than not, was negligent. Neither Defendant Sanchez nor Defendant Champion Auto Carriers, Inc. had a burden to prove that Defendant Sanchez was without negligence in this case.

4.    It is a jury question whether a traffic accident could have been avoided under the

4

circumstances particular to the case.  *See, e.g., Dunleavy v.* Miller, 116 N.M. 353, 357, 862 P.2d 1212, 1216 (1993) (abandoning jury instruction on sudden emergency, finding it is "merely an application of the standard of ordinary care to a situation in which a reasonable person cannot be expected to act with forethought or deliberation"); *Trujillo v. Treat*, 107 N.M. 58, 61, 752 P.2d 250, 253 (Ct. App. 1988) (reversing summary judgment in favor of defendant, finding that driver's ability to avoid hitting pedestrian was a question for the jury).

5.      The weight of the evidence in the present case does not clearly, decidedly, or overwhelmingly demonstrate that Defendant Sanchez was negligent.  The jury could reasonably have found that driving conditions rendered the accident unavoidable.

6.      The evidence regarding Mr. Cromwell's finding that the accident was "preventable" and the termination of Defendant Sanchez' employment does not clearly, decidedly, or overwhelmingly demonstrate that Defendant Sanchez was negligent.  The jury could reasonably have found that Mr. Cromwell and/or Defendant Champion Auto Carriers, Inc. were wrong or that they held employees to a standard higher than that which the law requires.

7.      Officer Harvey's testimony that he could have, but did not, cite Defendant Sanchez does not clearly, decidedly, or overwhelmingly demonstrate that Defendant Sanchez was negligent.  The jury could reasonably have discounted Officer Harvey's testimony given his lack of experience with semi-truck collisions, because he did not in fact cite Mr. Sanchez, or because no citations were issued by the DOT after its investigation.

8.      Statements by counsel at trial are not evidence.  Attorney Charlebois' closing statement, characterizing this case as being "about money" constitutes neither a concession of Defendant Sanchez' negligence nor evidence from which the jury could reasonably have concluded that Defendants were liable.

Wherefore,

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of

a copy of these Proposed Findings and Recommended Disposition they may file written

objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must**

**file any objections with the Clerk of the District Court within the fourteen-day period if**

**that party wants to have appellate review of the proposed findings and recommended**

**disposition.  If no objections are filed, no appellate review will be allowed.**

---

IT IS HEREBY RECOMMENDED that Plaintiffs' Motion for New Trial (*Doc. 276*) be

denied.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE